## DRIVER-HARRIS COMPANY *vs.* CHARLES F. KENWORTHY, INCORPORATED.

Third Judicial District, Bridgeport, April Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Conclusions of the trial court which are legally and logically consistent with the subordinate facts found, will not be disturbed.

The trial court found that the contract between the parties, whereby the plaintiff undertook to manufacture and deliver to the defendant certain nichrome retorts to be installed in an annealing furnace, was later modified in that the defendant agreed to do certain welding which the plaintiff had originally promised to perform. *Held* that the evidence, though conflicting, fully justified this finding.

The defendant objected to evidence offered by the plaintiff that the thickness of the nichrome retorts, as provided in the original contract, had been increased by subsequent agreement, its objection

being based on the ground that no change in the written contract was pleaded in the complaint. *Held* that the following notation upon the original order, a copy of which was annexed to the complaint,—"acceptance and variations made by the parties by correspondence, after date of the order"—was a sufficient notification to the defendant that the plaintiff would claim a variation in the terms of the contract.

The defendant claimed that the plaintiff's failure to deliver the retorts resulted in the cancellation by its customer, the E. Company, of a contract for the annealing furnace in which the retorts were to be used; and, in support of its claim, offered in evidence telegrams to it from the E. Company and conversations between its president and representatives of that Company, all of which were excluded. *Held:*—

1. That while it was admissible for the defendant to prove that time was of the essence of its contract with the E. Company and that this was known to the plaintiff before it accepted the defendant's order, the telegrams were properly excluded because they were dated in December, 1919, whereas the defendant had agreed to extend the time for delivery until January, 1920.

2. That the conversations were hearsay evidence and not admissible.

3. That the trial court had found as proven all the facts which either the telegrams or the conversations tended to establish.

Submitted on briefs April 11th—decided June 2d, 1924.

ACTION to recover the contract price for two nichrome retorts and one dome, alleged to have been constructed for and delivered to the defendant pursuant to its written order and specifications, brought to and tried by the Superior Court in New Haven County, *Jennings, J.;* facts found and judgment rendered for the plaintiff for $4,616, and appeal by the defendant. *No error.*

The defendant ordered of the plaintiff the articles in question by written order dated September 25th, 1919, of which a copy was annexed to the complaint, upon the following terms: "Two (2) cast nichrome retorts, per customer's pattern, wt. later, each composed of four (4) circular rings, 36" internal diameter, 7/16" thick and 15¾" high and one (1) dome 30" radius, 7/16" thick, all as shown on drawing 2379-N. To be

welded together. Price to be $1.25 per point f. o. b. your factory. Delivery to be made in four (4) weeks after receipt of patterns. Price $1.25 per lb. Welding charge $60.

> Charles F. Kenworthy, Inc.,
>
> > Charles F. Kenworthy."

The copy annexed to the complaint contained the following notation in brackets: "[Acceptance and variations made by the parties by correspondence, after date of order]."

Defendant denied the allegations of the complaint except as admitted in a special defense in which the defendant's version of the transaction was set forth in detail, and by way of counterclaim demanded damages for the plaintiff's alleged failure to carry out its contract. The material issues of fact raised by the special defense and counterclaim and the plaintiff's reply, may be summed up as follows: the alleged unreasonable delay of the plaintiff in furnishing the sections of the retorts ready for welding; the alleged failure of the plaintiff to carry out its agreement to weld the sections, so that the defendant was obliged to procure the welding to be done, or attempted, by the Oxweld Company; the alleged inability of the Oxweld Company, a skilled and experienced welder, to weld the sections because of their faulty construction and the nature of the metal; the alleged cancellation by the defendant of its order because of the plaintiff's continued nonperformance of its contract; the alleged failure of the plaintiff to deliver the castings ordered, and the alleged loss and damage suffered by the defendant because of the plaintiff's default.

The trial court by its finding has found all these issues for the plaintiff, and its conclusions are stated thus: "1. Upon the foregoing facts there was a sale and delivery to the defendant of the goods mentioned

in the complaint, and in accordance with the terms of
the contract by which they were purchased, and the
defendant is liable to the plaintiff for the agreed pur-
chase price thereof. 2. Upon the foregoing facts the
plaintiff is entitled to a judgment for the agreed price
for the retorts, with interest from April 5, 1921. 3.
The title to the castings in their present condition has
passed to the plaintiff, the defendant having elected
to return them to the plaintiff for their scrap value as
set forth in part 1 paragraphs 12 and 13."

As the defendant's assignments of error involve a
discussion of its exceptions to the finding of the court,
the facts are stated in the opinion.

*William E. Thoms,* with whom, on the brief, was
*Terrence F. Carmody,* for the appellant (defendant).

*Lawrence L. Lewis,* with whom, on the brief, were
*Nathaniel R. Bronson* and *Charles E. Hart, Jr.,* for the
appellee (plaintiff).

BEACH, J.   Plaintiff is a corporation located in New
Jersey, engaged in manufacturing nichrome, a metallic
alloy capable of withstanding high degrees of heat.
Defendant is a Connecticut corporation of long ex-
perience in the building of industrial furnaces, and in the
summer of 1919 was negotiating with a customer who
required an annealing furnace with two retorts to be
subjected to a high heat, and for that purpose inquired
of the plaintiff's engineer, McKinney, who recom-
mended cast nichrome retorts, made in sections, to be
welded together.  It was represented to the defendant
that the plaintiff, if it got the order, could and would
do the necessary welding, and the written order annexed
to the complaint was given and accepted.  The manu-
facture of nichrome retorts of this size was a more or

less experimental proposition, and the thickness of the walls of the cylindrical sections of the retorts was afterward increased by agreement from seven sixteenths to three quarters of an inch. Owing to the size and the increased thickness of the sections the plaintiff found it was not equipped to do the welding, and the trial court has found that thereupon the defendant agreed to take over the welding and instructed the plaintiff to deliver the sections when constructed to the Oxweld Company, for that purpose. This finding, which is excepted to, involves one of the most important issues of fact. It is also found that the time for making delivery of the sections was extended by agreement to January 15th, 1920, and that delivery was duly made by the plaintiff, in accordance with defendant's instructions upon that date. This finding is excepted to. The Oxweld Company experienced considerable difficulty in welding the sections. They succeeded in welding the sections of one retort by cutting them vertically, but did not make the vertical welds, and did not attempt to weld on the dome, for the reason, as the court finds, that before they had done so the defendant notified them to cease work and return the castings to the plaintiff. This finding is excepted to. Other findings to which the defendant excepts are that the castings were returned by the defendant to the plaintiff upon the plaintiff's proposition that, if returned, it would allow the defendant scrap value at the rate of twenty-five cents a pound, which was a fair allowance; and that it was practicable and feasible to weld the sections into one complete retort.

Taking up the defendant's assignments of error in their order. Numbers one, two and three attack the three conclusions of the trial court already set forth. They are attacked as logically inconsistent with the subordinate facts found, but this contention is not very

much pressed and we think it plainly untenable. Assignment number four includes the exceptions to findings. Paragraph six finds that while the plaintiff originally agreed to do the welding, the defendant, during the negotiations growing out of the plaintiff's inability to do so, "took upon itself the matter of welding and relieved the plaintiff from any obligation to weld." Defendant's brief states that its Exhibit BB contains all the evidence on this point, but the record shows that the court has made some of the correspondence between the parties a part of its finding by reference, and by its memorandum on the bill of exceptions has also included other testimony on the point, as well as the correspondence between the defendant and the Oxweld Company. While the parol evidence of the parties is conflicting, the correspondence and the conduct of the defendant as shown therein fully justify the the finding of the court on this most important issue of fact.

There is the direct testimony of Mr. Colloman that after the thickness of the ring sections had been increased by agreement the plaintiff positively refused to do the welding and insisted that Mr. Kenworthy handle that matter directly with the Oxweld Company. Thereafter defendant agreed with the Oxweld Company upon terms, gave it a written order to do the welding in its own name, and paid the Oxweld Company for the work so far as it was completed.

Paragraph seven, finding that the defendant instructed the plaintiff to deliver the rings to the Oxweld Company for welding, is confirmed by the express admission of Mr. Kenworthy that such was the fact.

Paragraph ten is not disputed in so far as it finds that the Oxweld Company finally succeeded in welding the sections of one retort by cutting them vertically, and the part which is excepted to, to wit, that before

the Oxweld Company had made the vertical welds or attempted to weld on the dome, they were notified by defendant to cease work and return the castings to the plaintiff, is supported by a letter from the defendant to the Oxweld Company directing them to do nothing further, and by Mr. Edwards' testimony that the castings were shipped to the plaintiff by defendant's direction.

Paragraphs eleven and thirteen, finding that the plaintiff refused to accept the castings on any other basis than that of crediting the defendant with their value as scrap metal, which credit amounted to $911.75, is supported by the plaintiff's letter to the defendant of April 2d, 1920, and the fact that the castings were returned to the plaintiff by defendant's direction.

Paragraph fourteen, finding that the time for making delivery of the castings was extended by agreement to January 15th, 1920, is fully supported by the correspondence. The defendant's order to the Oxweld Company to weld the castings was dated January 31st, 1920.

Paragraph sixteen, finding that it was practicable and feasible to weld the castings into a complete retort, is borne out by the testimony of Mr. Edwards of the Oxweld Company. He testified that the difficulty in welding the ring sections together was due to expansion under heat, caused by their shape, and having overcome that difficulty by cutting each ring into two semicircular sections, they expected no trouble in making the vertical welds. This disposes of all the exceptions to the facts found. The exceptions for refusals to find as requested, are in substance ancillary to and dependent upon the exceptions to the facts found, and we deem it unnecessary to discuss them.

The assignments of error for rulings on evidence divide themselves into two classes. Two of them are based on the admission of testimony (a) to show that

the thickness of ring sections was increased by agreement, (b) to show that the defendant agreed to pay for the welding to be done by the Oxweld Company. These related to subsequent modifications of the terms of the original written contract, and the objection was on the ground that no change in the written contract was pleaded in the complaint. We think the testimony was admissible on the pleadings. As already pointed out, the copy of the original order annexed to the complaint carried the following notation, "[acceptance and variations made by the parties by correspondence, after date of the order]." Defendant was thus informally, but sufficiently, notified that the plaintiff would claim the terms of the original order were subsequently varied by correspondence. If the defendant desired to find out what variations the plaintiff would claim were made, it might have asked for a more specific statement on that point. But in fact, it appears that none was needed, for in its special defense the defendant affirmatively alleges that the increased thickness of the walls of the retorts was agreed to, and that the defendant was obliged at great expense and delay to procure the welding to be done by the Oxweld Company.

The other class of rulings excepted to, excluded telegrams received by the defendant from its customer, the Electric Alloy Company, and testimony of Mr. Kenworthy as to conversations had with representatives of the Electric Alloy Company. These were offered to show that time was of the essence of the contract between the defendant and its customer, and that the contract was cancelled by the defendant's customer on account of the delay in completing the retorts. No doubt the fact was admissible that time was of the essence of the defendant's contract with its customer, if that fact was brought home to the plaintiff

before it accepted the defendant's order for the retorts; and the court has marked proven paragraphs of the defendant's draft-finding covering both of these points. But these telegrams were dated in December, 1919, and the court has found that the defendant extended the time for delivery of the castings to January 15th, 1920. The conversations between Mr. Kenworthy and his customer were hearsay, and here again the fact in question was otherwise proven by direct testimony and has been found proven by the trial court, so far as it was claimed to be true; to wit, not that the defendant's customer cancelled its entire order for the entire annealing furnace, but that it took from the defendant the furnace without the retorts, which it purchased somewhere else.

The remaining assignments of error are that the court erred in overruling the claims of law made by the defendant. Without exception the validity of these claims depends on the successful outcome of the defendant's attempt to correct the finding in some one or more of the particulars above stated.

There is no error.

In this opinion the other judges concurred.